**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GEORGIA SPEARS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **GEOVERA SPECIALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **GEOVERA ADVANTAGE** | § | **CIVIL ACTION NO. _____** |
| **INSURANCE SERVICES, INC.,** | § | |
| **TEAM ONE ADJUSTING SERVICES,** | § | |
| **LLC, TOUR RENOVATIONS, INC.** | § | |
| **D/B/A SERVICEMASTER RESTORE** | § | **JURY TRIAL** |
| **BY RELIANT RESTORATION,** | § | |
| **STEVEN DWAIN HENRY, TREVOR** | § | |
| **LINHART, KELLY M. BROOKS,** | § | |
| **FRANK BLAHA, LINDA** | § | |
| **STANDRIDGE AND** | § | |
| **JASON COOPER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS GEOVERA SPECIALTY INSURANCE COMPANY,
GEOVERA ADVANTAGE INSURANCE SERVICES, INC., TEAM ONE
ADJUSTING SERVICES, LLC, KELLY M. BROOKS, LINDA STANDRIDGE
AND JASON COOPER'S NOTICE OF REMOVAL**

Defendants GeoVera Specialty Insurance Company ("GeoVera"), GeoVera Advantage

Insurance Services, Inc. ("GeoVera Services"), Team One Adjusting Services, LLC ("Team

One"), Kelly M. Brooks ("Brooks"), Linda Standridge ("Standridge"), and Jason Cooper

("Cooper") (collectively referred to as "removing Defendants" herein) file this Notice of

Removal to the United States District Court for the Southern District of Texas, Houston

Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

1.     On May 25, 2016, Plaintiff Georgia Spears filed her Original Petition in the matter styled *Georgia Spears v. GeoVera Specialty Insurance Company, GeoVera Advantage Insurance Services, Inc., Team One Adjusting Services, LLC, Tour Renovations, Inc. d/b/a ServiceMaster Restore by Reliant Restoration, Steven Dwain Henry, Trevor Linhart, Kelly M. Brooks, Frank Blaha, Linda Standridge, and Jason Cooper*, Cause No. 2016-34414, in the 190th District Court of Harris County, Texas.  The lawsuit arises out of a claim Plaintiff made for damages to her home under a homeowner's insurance policy with GeoVera.

2.     Plaintiff served GeoVera with a copy of the Original Petition on or about June 3, 2016.  Plaintiff served GeoVera Services with a copy of the Original Petition on or about June 3, 2016.  Plaintiff served Team One with a copy of the Original Petition on or about June 2, 2016.  Plaintiff served Brooks with a copy of the Original Petition on or about June 2, 2016.  Plaintiff served Standridge with a copy of the Original Petition on or about June 3, 2016.  Plaintiff served Cooper with a copy of the Original Petition on or about June 6, 2016.

3.     Removing Defendants file this notice of removal within 30 days of receiving Plaintiff's pleading.  *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.     As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules, simultaneously with the filing of this notice of removal is an Index of Matters Being Filed, attached hereto as Exhibit "A."  A copy of the Electronic Docket Sheet is attached hereto as Exhibit "B."  A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C."  A copy of Plaintiff's Original Petition is attached hereto as Exhibit "D."  A copy of the Civil Process Pick-Up Forms is attached hereto as Exhibit "E."  A copy of the Return of Service as to Brooks is attached hereto as Exhibit "F."  A copy of the Return of Service as to Cooper is attached hereto as Exhibit "G."  A copy of the Return of Service as to GeoVera is attached hereto as Exhibit "H."  A copy of the Return of Service as to GeoVera Services is attached hereto as Exhibit "I."  A copy of the Return of Service as to Tour Renovations, Inc. d/b/a ServiceMaster Restore by Reliant Restoration ("Tour Renovations") is attached hereto as Exhibit "J."  A copy of the Return of Service as to Standridge is attached hereto as Exhibit "K."  A copy of the Return of Service as to Team One is attached hereto as Exhibit "L."  A copy of the Return of Service as to Trevor Linhart ("Linhart") is attached hereto as Exhibit "M."  A copy of the Return of Service as to Steven Dwain Henry ("Henry") is attached hereto as Exhibit "N."  A copy of Defendants GeoVera Specialty Insurance Company, GeoVera Advantage Insurance Services, Inc., Team One Adjusting Services, LLC, Kelly M. Brooks, Linda Standridge, and Jason Cooper's Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "O."  Removing Defendants' list of the Parties to the Case and Counsel is attached hereto as Exhibit "P."

6.     Venue is proper in this Court under 28 U.S.C. 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

### Basis for Removal

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### A.      The Proper Parties Are Of Diverse Citizenship

8.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.  *See* Pl's Original Petition, ¶ 2, attached hereto as Exhibit "D."

9.      Defendant GeoVera Specialty Insurance Company is, and was at the time the lawsuit was filed, a citizen of California.  GeoVera Specialty Insurance Company is an insurance company incorporated under the laws of the State of California, with its principal place of business in Fairfield, California.

10.      Defendant GeoVera Advantage Insurance Services, Inc., is, and was at the time the lawsuit was filed, a citizen of California.  GeoVera Advantage Insurance Services, Inc., provides claims and other insurance brokerage services to GeoVera and is incorporated under the laws of the State of California, with its principal place of business in Fairfield, California.

11.      Defendant Team One Adjusting Services, LLC, is, and was at the time the lawsuit was filed, a citizen of Texas.  Team One is an independent insurance claims adjusting limited liability company.  With respect to the claims against Team One, it is removing Defendants' position that it has been fraudulently joined in this action.  Therefore, the Texas citizenship of Team One should be disregarded for the purposes of evaluating diversity in this matter.

12.      Upon information and belief, Defendant Tour Renovations, Inc. d/b/a ServiceMaster Restore by Reliant Restoration is, and was at the time the lawsuit was filed, a citizen of Texas.  Tour Renovations is a restoration and remediation company.  With respect to the

claims against Tour Renovations, it is removing Defendants' position that it has been fraudulently joined in this action. Therefore, the Texas citizenship of Tour Renovations should be disregarded for the purposes of evaluating diversity in this matter.

13.     Upon information and belief, Defendant Steven Dwain Henry is, and was at the time the lawsuit was filed, a resident and citizen of Texas. Henry is an independent adjuster retained by Team One regarding the underlying insurance claim. With respect to the claims against Henry, it is removing Defendants' position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Henry should be disregarded for the purposes of evaluating diversity in this matter.

14.     Upon information and belief, Defendant Trevor Linhart is, and was at the time the lawsuit was filed, a resident and citizen of Texas. Linhart is an independent adjuster retained by Team One regarding the underlying insurance claim. With respect to the claims against Linhart, it is removing Defendants' position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Linhart should be disregarded for the purposes of evaluating diversity in this matter.

15.     Defendant Kelly M. Brooks is, and was at the time the lawsuit was filed, a resident and citizen of California.

16.     Upon information and belief, Defendant Frank Blaha is, and was at the time the lawsuit was filed, a resident and citizen of California.

17.     Defendant Linda Standridge is, and was at the time the lawsuit was filed, a resident and citizen of Texas. Standridge is a claim manager retained by Team One regarding the underlying insurance claim. With respect to the claims against Standridge, it is removing

Defendants' position that she has been fraudulently joined in this action.  Therefore, the Texas citizenship of Standridge should be disregarded for the purposes of evaluating diversity in this matter

18.     Defendant Jason Cooper is, and was at the time the lawsuit was filed, a resident and citizen of Texas.  Cooper is an employee of Tour Renovations.  With respect to the claims against Cooper, it is removing Defendants' position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Cooper should be disregarded for the purposes of evaluating diversity in this matter.

19.     The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

20.     The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).  The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim

or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.*

21.     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

22.     Plaintiff here does not offer specific facts in support of her claims against Tour Renovations and its employee Cooper, nor does Plaintiff sufficiently support her claims against Team One and its employees Henry, Linhart, and Standridge. Therefore, Plaintiff failed to make the required "factual fit between (his) allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Rather, Plaintiff assets generic claims against Tour Renovations and Cooper for fraud, conspiracy to commit fraud, violations of the Texas Deceptive Trade Practices Act, negligence, negligent misrepresentation, and, as to Tour Renovations only, breach of contract including various warranties and negligent hiring, supervision, and/or management. *See* Pl's Original Petition, ¶¶ 75-77, 78, 107-115, 116-118, 119, 97-101, and 102-104, attached hereto as Exhibit "D." Likewise, Plaintiff brings only generic claims against Team One, Henry, Linhart, and Standridge for violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *See* Pl's Original Petition, ¶¶ 59-67, 68-73, 75-77, and 78, attached hereto as Exhibit "D."

23.     Plaintiff's conclusory allegations are often merely a recitation of the statutory language and contain no reference to any material facts to which the law should apply.  Thus, Plaintiff's Original Petition really alleges nothing more than a dispute over the adjustment of her insurance claim.  Plaintiff has needlessly brought a variety of allegations against Texas citizens, including Tour Renovations and its employee Cooper, and Team One and its employees Henry, Linhart, and Standridge.  Here, GeoVera is the insurer in contract with the insured Plaintiff, and GeoVera retained Team One to assist with the handling of the underlying insurance claim. Henry, Linhart, and Standridge were merely employees of Team One.  Likewise, Plaintiff improperly brings a variety of claims against Tour Renovations and Cooper into this action which is truly based on Plaintiff's claim with her insurer, GeoVera.  Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Tour Renovations, Cooper, Team One, Henry, Linhart, and Standridge their presence should be disregarded in determining diversity jurisdiction.

24.     Because Plaintiff is a citizen of Texas and Defendants GeoVera, GeoVera Services, Brooks, and Blaha are citizens of California complete diversity of citizenship exists among the proper parties.

## B.     Amount in Controversy Exceeds $75,000.00

25.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant GeoVera is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant GeoVera wrongfully adjusted and denied Plaintiff's claim.  Specifically, but without limitation, Plaintiff alleges that Defendant GeoVera breached the insurance policy number GH40049807, with a Dwelling Limit of $248,000.00, an

Other Structures Limit of $24,800.00, a Personal Property Limit of $124,000.00, and a Loss of Use Limit of $49,600.00, for the property located at 7646 Vista Verde St., Houston, Texas 77087 (the property giving rise to the present dispute).  *See* Exhibit "Q," Rogers Declaration, attached hereto and fully incorporated herein by reference.

26.     In addition, Plaintiff's Original Petition alleges that Defendants are liable under various statutory and common law causes of action for actual damages, consequential damages, statutory penalties, treble damages, exemplary damages, court costs, and attorney's fees. Plaintiff claims that she is "seeking monetary relief over $200,000 but not more than $1,000,000."  *See* Pl's Original Petition, ¶ 13, attached hereto as Exhibit "D."   As such, Plaintiff's alleged damages exceed $75,000.00.

## Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  Accordingly, Defendants hereby remove this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
Attorney-In-Charge
State Bar No.:  24029862
Southern District No.:  17055
Scott L. Rogers
Of Counsel
State Bar No.:  24064369
Southern District No.:  2060081

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:      (214) 871-8209
E-mail:          rthompson@thompsoncoe.com
E-mail:          slrogers@thompsoncoe.com

**COUNSEL FOR DEFENDANTS GEOVERA
SPECIALTY INSURANCE COMPANY,
GEOVERA ADVANTAGE INSURANCE
SERVICES, INC., TEAM ONE ADJUSTING
SERVICES, LLC, KELLY M. BROOKS,
LINDA STANDRIDGE, AND JASON COOPER**

## CERTIFICATE OF SERVICE

        This is to certify that on the 1st day of July, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

        Gregory F. Cox
        THE MOSTYN LAW FIRM
        6280 Delaware Street
        Beaumont, Texas 77706
                *Counsel for Plaintiff*

                                    /s/Rhonda J. Thompson
                                    Rhonda J. Thompson